IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELVIN LEE GASSAWAY, (TDCJ No. 1461005), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:19-cv-2065-N-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Kelvin Lee Gassaway, a Texas prisoner, filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254 in the Southern District of Texas. *See* Dkt. Nos. 1 & 2.

After his action was transferred to this Court, *see* Dkt. No. 3, it was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas application with prejudice as time-barred under Rule 4 of the Rules Governing Section 2254 Cases.

**Applicable Background**

Through his habeas petition, Gassaway challenges his 2007 Dallas County

conviction for murder, for which he received a 50-year sentence. *See State v. Gassaway*, No. F06-68773-N (195th Dist. Ct., Dallas Cnty., Tex.); Dkt. No. 1 at 2. This criminal judgment was affirmed on direct appeal in 2009. *See Gassaway v. State*, No. 05-07-00922-CR, 2009 WL 1547756 (Tex. App. – Dallas June 4, 2009, pet. ref'd); Dkt. No. 1 at 3. And the Texas Court of Criminal Appeals (the "CCA") refused Gassaway's petition for discretionary review ("PDR") later the same year. *See Gassaway v. State*, No. PD-0928-09 (Tex. Crim. App. Sept. 16, 2009).

Gassaway later sought state habeas relief. But, as discussed further below, because the pendency of not one of his state actions tolled the limitations period such that the Section 2254 is timely filed, the Court recognized that the petition is likely time-barred and issued a questionnaire [Dkt. No. 7] to provide Gassaway fair notice of the limitations issues and to allow him to present his positions as to those issues through a verified response to the questionnaire. The Court docketed his response on October 31, 2019. *See* Dkt. No. 9.

## Legal Standards

I. <u>Limitations</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of

> direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Taking the second prong first, "[a] petitioner's failure to satisfy the statute of

limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). This "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 136 S. Ct. at 756 (emphasis in original).[1]

But "'[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

A showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "no juror, acting reasonably,

---

[1] *See, e.g., Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329).[2]

II.     Rule 4 Disposition

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule

---

[2] *See also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.' *Schlup*, 513 U.S. at 324, 327. When considering a gateway claim of actual innocence, the district court must consider all of the evidence, 'old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial.' *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks and citations omitted). 'Based on this total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do."' *Id.* (quoting *Schlup*, 513 U.S. at 329). 'The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors.' *Id.*" (citations modified)).

4 Advisory Committee Notes). In *Kiser*, clearly applicable here, the United States Court of Appeals for the Fifth Circuit held that, "even though the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional, the magistrate judge and district court did not err by raising the defense *sua sponte*." *Id.* at 329 (noting the district court's "decision to do so was consistent with Rule 4 and Rule 11 of the Rules Governing Section 2254 cases, as well as the precedent of this Court").

But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original); *see also Ingram v. Director, TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation also gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

## Analysis

A conviction becomes final under the AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

Because Gassaway did not petition the Supreme Court for certiorari review, the applicable state criminal judgment became final under the AEDPA on December 15,

2009 – 90 days after the CCA refused his PDR. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (observing that, if a petitioner halts the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows 90 days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13.

Gassaway, with the assistance of counsel, filed his initial state habeas application in September 2009. *See Ex parte Gassaway*, W06-68773-N(A) (195th Dist. Ct., Dallas Cnty., Tex.). That application was voluntarily withdrawn in February 2012. *See id.* And the CCA dismissed the action on March 21, 2012. *See Ex parte Gassaway*, WR-77,243-01 (Tex. Crim. App.).

Because the application was filed less than one year after the criminal judgment became final under the AEDPA, the pendency of this state habeas action tolled the limitations period under Section 2244(d)(2). *See, e.g., Mata v. Stephens*, No. 3:15-cv-199-D, 2015 WL 4557223, at *3-*4 (N.D. Tex. July 28, 2015) ("[A]t least in the context of Section 2254, a direct appeal or properly filed state habeas application that a petitioner later voluntarily dismisses is not ignored but is, instead, of consequence to determine whether a later-filed federal habeas application is timely. And, because Respondent does not argue that Petitioner's first state habeas application was not properly filed, it operated to toll the deadline to seek federal habeas relief.").

Proceeding *pro se*, Gassaway later filed two more state habeas applications, the first of which was filed no sooner than January 14, 2015, the date that Gassaway signed the petition. *See Ex parte Gassaway*, W06-68773-N(B) (195th Dist. Ct., Dallas

Cnty., Tex.). The CCA denied the second state habeas petition without written order on the findings of the trial court after a hearing, on June 22, 2016, *see Ex parte Gassaway*, WR-77,243-02 (Tex. Crim. App.), and then dismissed Gassaway's third state habeas petition as an abuse of the writ, *see Ex parte Gassaway*, WR-77,243-04 (Tex. Crim. App. Dec. 19, 2018) (citing TEX. CODE CRIM. PROC. art. 11.07, § 4).

For current purposes, because the second state habeas application was filed more than two years after the CCA dismissed the first state habeas application, neither the second application nor the third extended the tolling benefit Gassaway obtained through the first application. *Cf. Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). Accordingly, the Section 2254 habeas application – filed no sooner than August 5, 2019, the date on which Gassaway certifies that he placed it in the prison mailing system, *see* Dkt. No. 1 at 10 – was filed years too late. The application is therefore due to be denied as untimely absent statutory or equitable tolling of the limitations period or establishment of actual innocence.

And Gassaway appears to argue that his habeas counsel's alleged ineffective assistance – counsel's alleged "abandonment of the appeals process" through the voluntary withdraw of the first state habeas application – establishes equitable grounds to toll the limitations period. Dkt. No. 9; Dkt. No. 1 at 9.

First, while "complete attorney abandonment can qualify as an extraordinary circumstance for equitable tolling purposes," *Manning v. Epps*, 688 F.3d 177, 184 n.2 (5th Cir. 2012) (citing *Maples v. Thomas*, 565 U.S. 266, 281-82 (2012)), Gassaway's allegations against his counsel fail to establish abandonment. And Gassaway has not

shown, more importantly, how the alleged abandonment of his first state habeas application (in 2012) prevented him from timely filing a federal habeas application – an application he did not file until more than seven years later. He therefore has not shown reasonable diligence and thereby established equitable tolling. *See Jackson*, 933 F.3d at 411 ("What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." (citation omitted)).

This action should therefore be dismissed with prejudice as time-barred.

### Recommendation and Direction to the Clerk of Court

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss the application for a writ of habeas corpus with prejudice because it is time-barred. The Court should direct that the Clerk of Court serve any order accepting this recommendation on the Texas Attorney General.

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent and will be directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 26, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE