IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELVIN LEE GASSAWAY, TDCJ No. 1461005, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:19-cv-2065-N-BN |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Court entered judgment dismissing Petitioner Kelvin Lee Gassaway's *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254 with prejudice as time barred. *See Gassaway v. Davis*, No. 3:19-cv-2065-N-BN, 2020 WL 3038582 (N.D. Tex. Feb. 26, 2020), *rec. accepted*, 2020 WL 3036550 (N.D. Tex. June 5, 2020), *C.O.A. denied*, No. 20-10734 (5th Cir. June 21, 2021) [Dkt. No. 28].

Gassaway then filed a motion for leave to file a second or successive Section 2254 application in the United States Court of Appeals for the Fifth Circuit, which the Fifth Circuit denied in part, noting that

> Gassaway also argues that his initial habeas proceeding was improperly dismissed as time barred. To the extent that Gassaway wishes to raise errors regarding whether the statute of limitations should have been tolled in the prior habeas proceedings, such contentions fall under the purview of Federal Rule of Civil Procedure 60(b) and do not require authorization.

*In re Gassaway*, No. 21-11181 (5th Cir. Mar. 30, 2022) (per curiam) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4 (2005)) [Dkt. No. 30].

Gassaway now returns to the district court to request that, under Federal Rules of Civil Procedure 59(e) and 60(b), the Court reconsider its dismissal of his habeas application as time barred. *See* Dkt. No. 31.

This case remains referred to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference from Chief United States District Judge David C. Godbey. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the motion.

## Discussion

First, as between Rule 59(e) and Rule 60(b), Gassaway's motion, filed more than 28 days after entry of judgment, must be considered under the latter. *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (citing *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003)).

Next, although Rule 60(b) provides for relief from a final judgment or order, "a Rule 60(b) motion for relief from a final judgment denying habeas relief counts as a second or successive habeas application … so long as the motion 'attacks the federal court's previous resolution of a claim on the merits.'" *Banister v. Davis*, 140 S. Ct. 1698, 1709 (2020) (cleaned up; quoting *Gonzalez*, 545 U.S. at 532).

But "there are two circumstances in which a district court may properly consider a Rule 60(b) motion in a § 2254 proceeding: (1) the motion attacks a 'defect in the integrity of the federal habeas proceeding,' or (2) the motion attacks a procedural ruling which precluded a merits determination" by, for example, arguing

- 2 -

that a district court's ruling as to exhaustion, procedural default, or limitations was in error. *Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018) (quoting *Gonzalez*, 545 U.S. at 532); *see also Jackson v. Lumpkin*, 25 F.4th 339, 340-41 (5th Cir. 2022).

While Gassaway's current challenge to the district court's dismissal of his habeas petition as barred by limitations qualifies as a proper Rule 60(b) motion, the motion should nevertheless be denied.

The Court previously found that, although the pendency of Gassaway's initial state habeas application (filed by counsel) did toll the statute of limitations, the time lap between the dismissal of that application and the filing of Gassaway's next (*pro se*) state habeas petition – more than two years – prevented the Court from extending the benefit of tolling under 28 U.S.C. § 2244(d)(2) and from finding that the Section 2254 application was timely filed:

> Gassaway, with the assistance of counsel, filed his initial state habeas application in September 2009. That application was voluntarily withdrawn in February 2012. And the [Texas Court of Criminal Appeals (the CCA)] dismissed the action on March 21, 2012.
> Because the application was filed less than one year after the criminal judgment became final under the AEDPA, the pendency of this state habeas action tolled the limitations period under Section 2244(d)(2).
> Proceeding *pro se*, Gassaway later filed two more state habeas applications, the first of which was filed no sooner than January 14, 2015, the date that Gassaway signed the petition. The CCA denied the second state habeas petition without written order on the findings of the trial court after a hearing, on June 22, 2016, and then dismissed Gassaway's third state habeas petition as an abuse of the writ.
> For current purposes, because the second state habeas application was filed more than two years after the CCA dismissed the first state habeas application, neither the second application nor the third extended the tolling benefit Gassaway obtained through the first application. Accordingly, the Section 2254 habeas application – filed no sooner than August 5, 2019, the date on which Gassaway certifies that

he placed it in the prison mailing system – was filed years too late. The application is therefore due to be denied as untimely absent statutory or equitable tolling of the limitations period or establishment of actual innocence.

*Gassaway*, 2020 WL 3038582, at *4 (citations omitted).

And, as to equitable tolling, the Court previously found that Gassaway's allegation of complete attorney abandonment failed to establish an extraordinary circumstance and that, even if this allegation did establish that prong of the inquiry, Gassaway failed to show reasonable diligence:

> Gassaway appears to argue that his habeas counsel's alleged ineffective assistance – counsel's alleged "abandonment of the appeals process" through the voluntary [withdrawal] of the first state habeas application – establishes equitable grounds to toll the limitations period.
> First, while "complete attorney abandonment can qualify as an extraordinary circumstance for equitable tolling purposes," Gassaway's allegations against his counsel fail to establish abandonment. And Gassaway has not shown, more importantly, how the alleged abandonment of his first state habeas application (in 2012) prevented him from timely filing a federal habeas application – an application he did not file until more than seven years later. He therefore has not shown reasonable diligence and thereby established equitable tolling.
> This action should therefore be dismissed with prejudice as time-barred.

*Id.*

Nothing Gassaway presents now shows that the Court's limitations findings were wrong, much less that an unusual or unique circumstance justifies vacating the judgment to reconsider those findings under Rule 60(b). *See, e.g.*, *Pryor v. U.S. Postal Servs.*, 769 F.2d 281, 286 (5th Cir. 1985) ("Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief." (collecting cases)).

In the Rule 60(b) motion, Gassaway appears to first invoke tolling because he

raises a claim of ineffective assistance of counsel. *See* Dkt. No. 31 at 2-4. Insofar as he bases this argument on *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), *see* Dkt. No. 31 at 2-4, "[u]nder *Martinez* and *Trevino*, the ineffectiveness of state habeas counsel may excuse a petitioner's procedural default 'of a single claim' – ineffective assistance of trial counsel," *Murphy v. Davis*, 732 F. App'x 249, 256-57 (5th Cir. 2018) (per curiam) (quoting *Davila v. Davis*, 137 S. Ct. 2058, 2062 (2017)); *accord Ayestas v. Davis*, 138 S. Ct. 1080, 1093-94 (2018) ("*Trevino* permits a Texas prisoner to overcome the failure to raise a substantial ineffective-assistance claim in state court by showing that state habeas counsel was ineffective." (citing *Trevino*, 569 U.S. at 429)).

But neither decision applies "to [28 U.S.C.] § 2244(d)'s one-year limitations period." *Shank v. Vannoy*, No. 16-30994, 2017 WL 6029846, at *2 (5th Cir. Oct. 26, 2017) (order by Higginson, J.) (citing *Lombardo v. United States*, 860 F.3d 547, 557-58 (7th Cir. 2017); *Arthur v. Thomas*, 739 F.3d 611, 630-31 (11th Cir. 2014); *Bland v. Superintendent Greene SCI*, No. 16-3457, 2017 WL 3897066, at *1 (3d Cir. 2017)); *see also United States v. Robinson*, 762 F. App'x 571, 576-77 (10th Cir. 2019) (collecting authority and concluding that "it cannot be argued that *Martinez/Trevino* expressly addressed timeliness or tolling"); *Dickerson v. Davis*, No. 4:17-cv-71-A, 2018 WL 2431846, at *3 (N.D. Tex. May 30, 2018) ("Nor can petitioner rely on the *Martinez* line of cases to excuse his untimeliness. This line of cases addresses equitable exceptions to a procedural default. The bar to review at issue in this case arises from petitioner's failure to meet the *federal* limitations deadline under the AEDPA. Thus,

the *Martinez* line of cases does not apply to the AEDPA's statute of limitations and cannot be invoked to establish eligibility for equitable tolling." (collecting cases; citation omitted)).

Gassaway also appears to re-urge that his postconviction relief efforts show that he was abandoned by his state habeas counsel. *See* Dkt. No. 31 at 4-6. But Gassaway cannot bolster an abandonment argument through the purported text of a letter that his habeas counsel sent to him on February 14, 2012, stating that counsel had received Gassaway's file from his previous counsel but that he

> did not see anything in that file that changes my analysis of your case. I do not see any issues in the case that would give you a reasonable chance of success on an application for Writ of Habeas Corpus. I have carefully reviewed all of trial records and other documents I received in your case. I have looked at every possible thing we could raise on a writ application. Unfortunately, I do not see anything that I feel would be worth pursuing. Please feel free to write me back with any questions or comments.

*Id.* at 5.

Nor does Gassaway credibly challenge the Court's previous finding as to his lack of reasonable diligence. *See id.* at 4-6.

In sum, the construed Rule 60(b) motion should be denied.

## Recommendation

The Court should deny Petitioner Kelvin Lee Gassaway's construed motion to vacate the judgment under Federal Rules of Civil Procedure 60(b) [Dkt. No. 31] but should, solely for statistical purposes, reopen and then close this case based on any order accepting or adopting these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 14, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE