IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELVIN LEE GASSAWAY, TDCJ No. 1461005, | § § § | |
| Petitioner, | § § § | |
| V. | § § | No. 3:19-cv-2065-N |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND DENYING A CERTIFICATE OF APPEALABILITY**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. An objection was filed by Petitioner. The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding no error, the Court ACCEPTS the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

Therefore, the Court DENIES Petitioner Kelvin Lee Gassaway's second motion under Federal Rule of Civil Procedure 60(b) [Dkt. No. 45] without prejudice to his right to seek authorization from the United States Court of Appeals for the Fifth Circuit to file a successive habeas application.

Considering the record in this case and pursuant to Federal Rule of Appellate

1

Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation filed in this case in support of its finding that the Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]

In the event Petitioner files a notice of appeal, Petitioner must pay the $505.00 filing fee or file a motion for leave proceed *in forma pauperis* on appeal.

Further, because Petitioner's motion for relief from judgment invoking Federal Rule of Civil Procedure 60(b)(4) is in substance a successive habeas application, the

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

(a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

Clerk of Court is DIRECTED to open for statistical purposes a new Section 2254 case (nature of suit 530 directly assigned, per Special Order 3-250, to the same district judge and magistrate judge assigned to this case) and to close the same on the basis of this order.

SO ORDERED this 20th day of February, 2026.

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE